UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID SAWYER,

    Plaintiff,

v.                                            Case No:   6:13-cv-1419-Orl-18TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is the Commissioner's Consent Motion for Entry of Judgment under Sentence Four 42 U.S.C. § 405(g) with Remand of the Cause to the Defendant. (Doc. 18). The Commissioner requests that this case be remanded pursuant to sentence four of 42 U.S.C. § 405(g) so that the administrative law judge ("ALJ") can:

> Reassess the nature and severity of Plaintiff's mental impairments under the special technique described in 20 CFR 404.1520a and 416.920a; if warranted and available, obtain medical evidence to clarify the nature and severity of Plaintiff's impairments . . . ; give further consideration to Plaintiff's residual functional capacity, citing specific evidence in support of the assessed limitations; and, if warranted, obtain evidence from a vocational expert to clarify the effect of the assessed limitations on Plaintiff's occupational base . . . .

(Doc. 18at 2).

Pursuant to M.D. Fla. Local Rule 3.01(g), counsel for the Commissioner represents that he has conferred with Plaintiff's counsel, who has no objection to the motion. Pursuant to Title 42, United States Code, Section 405(g) the Court is empowered to reverse the decision of the Commissioner with or without remanding the cause for a

rehearing. Shalala v. Schaefer, 509 U.S. 292 (1993). The failure of the ALJ to develop the record constitutes sufficient grounds for remand if "the record reveals evidentiary gaps which result in unfairness or clear prejudice." Brown v. Shalala, 44 F.3d 931, 934-935 (11th Cir. 1995). A sentence-four remand may be appropriate to allow the Commissioner to explain the basis for his or her administrative decision. Falcon v. Heckler, 732 F.2d 827, 829-30 (11th Cir. 1984) (holding remand was appropriate to allow the ALJ to explain the basis for the determination that the claimant's depression did not significantly affect her ability to work and treating psychologist acknowledged that claimant had improved in response to treatment and could work in a supportive, noncompetitive, tailor-made work environment). Upon remand of the case under sentence-four, the ALJ must review the complete case record, including any new material evidence. Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983) (finding that it was necessary for the ALJ on remand to consider psychiatric report tendered to Appeals Council); Reeves v. Heckler, 734 F.2d 519, 522 n.1 (11th Cir. 1984) (holding that the ALJ should consider on remand the need for an orthopedic evaluation).

Upon consideration of the foregoing, I agree with the parties that it is appropriate to remand this matter to the Commissioner and **RESPECTFULLY RECOMMEND** that:

1. The Commissioner's Consent Motion for Entry of Judgment under Sentence Four of 42 U.S.C. § 405(g) with Remand of the Cause to Defendant (Doc. 18) be **GRANTED**.

2. This action be **REVERSED AND REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

3. The Clerk be directed to enter judgment accordingly, terminate any pending motions, and close the file.

4. Plaintiff be instructed that the deadline to file a motion for attorney's fees pursuant to 42 U.S.C. § 406(b) shall be thirty (30) days after Plaintiff receives notice from the Social Security Administration of the amount of past due benefits awarded. Upon receipt of the notice, counsel for Plaintiff shall promptly email Mr. Rudy and the OGC attorney who prepared the Government's brief to advise that notice has been received.

Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on May 23, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record